# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SFR Investments Pool 1, LLC, | Case No.: 2:22-cv-00614-JAD-VCF |
| Plaintiff | |
| v. | **Order Denying Emergency Motions for Temporary Restraining Order and Preliminary Injunction** |
| Federal National Mortgage Association, et al., | [ECF Nos. 4, 5] |
| Defendant | |

Plaintiff SFR Investments Pool 1, LLC moves to enjoin the Federal National Mortgage Association, colloquially known as Fannie Mae, from foreclosing on the real property located at 9518 Windsor Forest Court in Las Vegas, Nevada on April 20, 2022.[1]  As SFR explains, Fannie Mae attempts to foreclose on the property based on the deed of trust securing the unpaid mortgage on the property.  But SFR speculates that the deed of trust may have been discharged by operation of Nevada Revised Statute 106.240, which conclusively presumes that a lien is automatically extinguished ten years after the debt it secures becomes wholly due.  SFR acknowledges that a notice of default—the method by which mortgagees typically inform borrowers that their loan was accelerated—was recorded against the property in December 2021.[2]  But SFR points to the Nevada Supreme Court's recent opinion in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*[3] for the proposition that acceleration of a loan "could potentially occur prior to the recording of a notice of default"[4] and contends that, because the borrower stopped

---

[1] ECF No. 4; ECF No. 5.

[2] ECF No. 5 at 4, 6.

[3] *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 138 Nev. Adv. Op. 22 (Nev. Apr. 7, 2022).

[4] ECF No. 5 at 2.

making payments on this loan in March 2009, the debt *probably* became wholly due in July 2009, because it believes it was industry practice to accelerate loans shortly after default.[5]

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[6]  Both are "extraordinary" remedies and "never awarded as of right."[7]  The United States Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, the plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."[8]  The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[9]

SFR alleges that that this home was acquired in 2005 with a mortgage secured by a deed of trust recorded against the property by mortgagee Countrywide KB Home Loans, and that the borrower stopped making mortgage payments against that loan "on or before March 1, 2009."[10] The deed of trust contains an acceleration provision that required the lender to give notice to the borrower "prior to acceleration following "Borrower's breach . . . that failure to cure the default

---

[5] *Id.* at 6.

[6] *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

[7] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[8] *Id.* at 20.

[9] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

[10] ECF No. 5 at 3–4.

on or before the date specified in the notice may result in acceleration of the sums secured by" the deed of trust.[11]  SFR relies on testimony it's gathered from other cases that a notice satisfying a deed of trust's acceleration clause typically takes the form of a "notice of intent to accelerate" that is sent 45 days from the date of default, before any notice-of-default letter.  SFR assumes—based on "industry standards and the mandate of servicers to follow Fannie Mae's Servicing Guide (which requires acceleration letters be sent within a short time period from the date of delinquency)"—that this "notice of intent to accelerate" was sent to the borrower "no later than July 2009," thus causing the acceleration of all sums to become wholly due on that date.[12]

But SFR cannot overcome the fact that this assumed July 2009 acceleration notice is a phantom.  SFR does not attest that any such notice was recorded, and it presents no evidence that one ever existed.  As the Supreme Court of Nevada noted when addressing acceleration clauses in *Clayton v. Gardner*, "'acceleration is seldom implied, and courts usually require that an acceleration be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention.'"[13]  Indeed, it appears from the record that SFR presents that the only unequivocal notice of acceleration of this debt was the December 8, 2021, notice of default.[14]

SFR's reliance on the Nevada Supreme Court's opinion in a similar SFR case does not persuade me otherwise.  In *SFR Investments*, the court rejected SFR's argument that certain language in a notice of default indicated that the loan was accelerated *before* the notice of default

---

[11] *Id.* at 4.

[12] *Id.* at 6.  If the flood of cases nearly identical to this one on my docket has established any pattern and practice for this industry, it's a two-part one: default notices with acceleration threats were sent shortly after the original default, *and deceleration letters followed less than ten years later.*  So industry practices alone don't show a likelihood of success for SFR here.

[13] *Clayton v. Gardner*, 813 P.2d 997, 999 (Nev. 1991) (quoting *United States v. Feterl*, 849 F.2d 354, 357 (8th Cir. 1988)).

[14] ECF No. 5-3.

was recorded.[15]  The court then explicitly declined to address SFR's contention that mortgagees are permitted to accelerate a loan before the notice of default is recorded.[16]  While that opinion leaves open the possibility that mortgagees *may* accelerate a loan before issuing a notice of default, it does not change the fact that SFR presents no evidence establishing that the mortgagee did so for this loan.  So, because SFR's acceleration theory is based on speculation, SFR has not shown that it is likely to succeed on the merits of its claim, and I deny its request to enjoin the foreclosure sale.

IT IS THEREFORE ORDERED that SFR Investments Pool 1, LLC's emergency motions for a temporary restraining order and a preliminary injunction to enjoin the April 20, 2022, foreclosure sale **[ECF Nos. 4, 5] are DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
April 19, 2022

---

[15] *SFR Investments*, 138 Nev. Adv. Op. at *3.

[16] *Id.*

4